USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY HARRIS,

                Plaintiff,

-against-

F. SCHUMACHER & CO., LLC,

                Defendant.

1:23-cv-5676 (MKV)

**OPINION & ORDER
DENYING MOTION TO DISMISS
AND
DENYING CROSS-MOTION
FOR SANCTIONS**

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Mary Harris brings this action against her former employer, F. Schumacher & Co., LLC, asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss for failure to state a claim on which relief may be granted [ECF Nos. 16, 17 ("Def. Mem.")]. It argues that Harris's claims are barred by a purported severance agreement and release of claims, which Defendant contends it proposed to Harris before she commenced this action and Harris signed after the complaint was filed [ECF No. 17-2 ("Severance Agreement")]. Plaintiff opposes the motion to dismiss and cross-moves for sanctions on both Defendant and its counsel [ECF No. 22 ("Pl. Mem.")]. Plaintiff argues that the defense violated the rules of professional conduct and attempted to evade the judicial scrutiny of a settlement of FLSA claims required by the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). *See* Pl. Mem. at 6–18.

      For the reasons set forth below, Defendant's motion to dismiss is DENIED, and Plaintiff's cross-motion for sanctions is also DENIED.

1

## I.     BACKGROUND[1]

### A. Facts

Plaintiff Mary Harris ("Harris") was employed full-time by Defendant F. Schumacher & Co., LLC "as a cleaner" from approximately November 2018 until June 2023. Compl. ¶¶ 14, 15. Defendant then terminated Harris's employment. *See* Compl. ¶ 33. Harris alleges that, while she was employed, Defendant failed to pay her certain wages, paid her late, and failed to provide her with required notices and wage statements. *See* Compl. ¶¶ 17, 18, 19, 22, 23, 24.

### B. Procedural History

Harris initiated this action on June 30, 2023 by filing the Complaint, asserting a number of claims under the FLSA and the NYLL [ECF No. 1 ("Compl.")]. In response, Defendant filed a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim [ECF Nos. 16, 17 ("Def. Mem."), 17-2 ("Severance Agreement")]. Defendant argues that Harris's claims are barred because of a "fully-executed severance agreement between Harris and Defendant," which "explicitly released all claims against Defendant, 'known or unknown, asserted or unasserted, including but not limited to any claims pertaining to, arising from, or associated with' her employment." Def. Mem. at 4 (quoting Severance Agreement ¶ 8).

Defendant contends that it "offered" Harris the unexecuted Severance Agreement on June 22, 2023, before she commenced this action on June 30, 2023. Def. Mem. at 4. Indeed, according to Defendant, it proposed the Severance Agreement before Harris retained counsel [ECF No. 27 ("Def. Reply") at 5], or, at least, before "it was known that [she] was represented." Def. Mem. at 5. Defendant further contends that, after she "filed the Complaint with the assistance of her attorney," Harris personally "voluntarily" electronically signed the Severance Agreement on July

---

[1] The facts are taken from the Complaint [ECF No. 1 ("Compl.")] and, for the purposes of this motion, accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

31, 2023.  Def. Mem. at 2, 4.  Defense counsel represents that "Defendant counter-signed the Severance Agreement" on August 8, 2023 and paid Harris "the severance amount in full by way of direct deposit."  *Id*. at 2, 4–5.  Defendant submits the purported Severance Agreement as an exhibit to its motion to dismiss [ECF No. 17-2], although no such document is attached to or mentioned in the Complaint.

Harris responded with an opposition and cross-motion for sanctions [ECF No. 22 ("Pl. Mem.")].  Harris argues that Defendant's motion to dismiss fails because the purported "release [of claims] that Defendant relies upon does not appear on the face of the complaint."  Pl. Mem. at 20; *see id.* at 18–20.  Harris's counsel further asserts that, because, according to Defendant, the purported Severance Agreement was signed electronically, there are "serious doubts as to whether Harris even signed the release."  Pl. Mem. at 2.

Harris's counsel devotes most of his brief, however, to his request for sanctions on both Defendant and defense counsel.  Harris's counsel asks the Court both to "invalidate/exclude the purported settlement" and to impose monetary sanctions on the defense, "including an award of legal fees and costs for Plaintiff's counsel f[ro]m July 31, 2023 . . . to present."  Pl. Mem. at 3.  Harris's counsel argues that the Court should sanction the Defendant and defense counsel on the ground that they "have attempted to egregiously evade" the judicial scrutiny of a settlement of FLSA claims required by the Second Circuit's decision in by *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015).  Pl. Mem. at 8; *see id.* at 7–10.  Harris's counsel further argues that the defense violated the New York Rules of Professional Conduct ("NYRPC"), as well as the ABA Model Rules of Professional Conduct ("ABA MRPC"), by communicating with Harris after she was represented by counsel.  *See* Pl. Mem. at 6, 12–18.

## II.     LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court "must accept as true all of the allegations contained in a complaint." *Id.* at 678.  Moreover, on a Rule 12(b)(6) motion to dismiss, the Court ordinarily may consider only "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)).  The Court may also consider "documents possessed by or known to the plaintiff and *upon which it relied in bringing the suit*." *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013) (emphasis added) (quoting *ATSI Commc'ns Inc. v. Shaar Fund, LTD.*, 493 F.3d 87, 98 (2d Cir. 2007)).

### B. Sanctions

A district court "has inherent power to sanction parties and their attorneys." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000).  This "inherent power 'must be exercised with restraint and discretion.'" *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).  A district court may impose such sanctions only upon a showing of "bad faith." *Id.* (quoting *Chambers*, 501 U.S. at 44).  Moreover, it has discretion to deny sanctions, even if wrongdoing has occurred. *See Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020).

### III.   DISCUSSION

Defendant's sole argument for dismissal is based entirely on a document outside the pleadings that the Court cannot consider on a motion to dismiss. The purported Severance Agreement was neither attached to, nor referenced in the Complaint. Moreover, by Defendant's own account, Harris did not rely upon the Severance Agreement in bringing this suit, because, according to Defendant, the Severance Agreement was not executed until *after* Harris filed the Complaint. *See Kleinman*, 706 F.3d at 152. As such, because its sole basis for dismissal is not before the Court, Defendant's motion to dismiss is denied. The Court also denies the cross-motion for sanctions. The Court is not prepared to find, on the present record, that the defense acted in bad faith and exercises its discretion to deny sanctions, even if some wrongdoing by the defense has occurred. *See Yukos Cap. S.A.R.L.*, 977 F.3d at 235.

#### A. Defendant Is Not Entitled to Dismissal at the Pleading Stage.

Defendant argues that Harris's claims are barred by the purported Severance Agreement, which contains a broad release of claims. *See* Def. Mem. at 4; Severance Agreement ¶ 8. It is well settled that, on a Rule 12(b)(6) motion to dismiss, the Court may consider a document only if it is: (1) attached to the complaint; (2) incorporated in the complaint by reference; or (3) a document the plaintiff not only possessed or knew about, but also relied upon in bringing the suit. *See United States ex rel. Foreman*, 19 F.4th at 106; *Kleinman*, 706 F.3d at 152. The purported Severance Agreement does not fall within any of the categories of documents that the Court may consider in this procedural posture.

Defendant submitted the purported Severance Agreement as an exhibit to its own motion to dismiss [ECF No. 17-2]. The Severance Agreement is not attached to the Complaint. Harris's Complaint does not mention the Severance Agreement, nor does the Complaint imply or allude to

the existence of any such agreement. Furthermore, there can be no argument that Harris *relied upon* the Severance Agreement in bringing this suit, because, by Defendant's own account, the parties did not have an agreement at the time Harris filed the Complaint. *See Kleinman*, 706 F.3d at 152. Specifically, according to Defendant, Harris purportedly signed its proposed contract approximately one month *after* she filed the Complaint, and Defendant counter-signed approximately one week after Harris signed. *See* Def. Mem. at 2, 4–5. In any event, Harris does not *rely* on the purported Severance Agreement for her claims, since she is asserting violations of the FLSA and NYLL, not claims for breach the Severance Agreement.

Defendant filed a Rule 12(b)(6) motion to dismiss this case at the pleading stage for failure to state a claim. *See* Def. Mem. at 1; *see* Fed. R. Civ. P. 12(b)(6). Defendant fails to offer any argument or authority that the Court may consider the purported Severance Agreement in this posture. *See* Def. Mem. at 2–5. Rather, it cites a smattering of inapt cases, including several in which a court enforced a release of claims on summary judgment. *See* Def. Mem. at 5 (citing, *e.g.*, *Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 402 (S.D.N.Y. 2017); *Difilippo v. Barclays Cap., Inc.*, 552 F. Supp. 2d 417, 426 (S.D.N.Y. 2008); *Skluth v. United Merchants & Mfrs., Inc.*, 163 A.D.2d 104, 106, 559 N.Y.S.2d 280, 282 (1st Dep't 1990)). If Defendant wanted the Court to rely on a document outside the pleadings, it should have moved for summary judgment.

Indeed, Rule 12(d) provides that if, on a Rule 12(b)(6) motion, the defendant presents "matters outside the pleadings" that the court proceeds to consider, the defendant's "motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). While the Court may have discretion to treat Defendant's Rule 12(b)(6) motion as a motion for summary judgment, the Court declines to do so, since it would have to deny such motion in any event. The Court may grant a motion for summary judgment only "if the movant shows that there is no genuine dispute

6

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Here, Harris's counsel asserts that there are "serious doubts as to whether Harris even signed" the purported Severance Agreement. Pl. Mem. at 2. As such, there is clearly a material dispute that would preclude granting summary judgment to Defendant based on the release of claims in the Severance Agreement. Harris also raises legal challenges to the Severance Agreement, as discussed below.

Accordingly, since Defendant's motion to dismiss is based entirely on a document that the Court cannot consider, the motion to dismiss is denied.

**B. The Court Declines To Speculate about the Implications of a Purported Severance Agreement that is Not Properly before the Court at this Stage.**

In arguing that this case should survive Defendant's motion to dismiss, Harris argues that any release of claims is not enforceable because the Severance Agreement has not been approved in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). As noted above, the Second Circuit's decision in *Cheeks* requires a district court to scrutinize a settlement of FLSA claims for fairness and reasonableness. *See Cheeks*, 769 F. 3d at 200. Defendant argues that the Severance Agreement is not subject to *Cheeks* review because, according to Defendant, it sent the proposed contract containing the broad release to Harris before she filed any claims. *See* Def. Mem. at 3–5 (citing *Gaughan*, 261 F. Supp. 3d at 397 (involving a pre-litigation settlement)). Alternatively, Defendant argues in its Reply, the Court should approve the Severance Agreement or dismiss the NYLL claims based on the Severance Agreement, since NYLL claims are not subject to *Cheeks* review. Reply at 3–5.

The Court declines to speculate about whether the Severance Agreement would be subject to *Cheeks* review if it were before the Court. Under *Cheeks*, the Court must review a settlement agreement for fairness when counsel for the parties to an FLSA action jointly represent that they

7

have reached a consensual resolution of that action. Here, Harris wishes to prosecute her claims. And, as explained above, the purported Severance Agreement that Defendant attached to its motion to dismiss is not before the Court. As such, it would be inappropriate at this stage for the Court to opine on whether the purported Severance Agreement is a pre-litigation agreement, outside of the purview of *Cheeks*, or an agreement that settled claims.

Similarly, Harris asserts that the FLSA and NYLL "prohibit[] employees from waiving their wages and wage rights." Pl. Mem. at 11. However, that issue is not before the Court at this stage of the proceedings. The Court declines to speculate about the implications of a document that is not properly before the Court.

### C. The Court Declines to Impose Sanctions on Defendant or Defense Counsel.

Harris cross-moves for sanctions against both Defendant and defense counsel. *See* Pl. Mem. at 12–18. The Court assumes that Harris invokes the Court's inherent authority to impose sanctions, since Harris does not cite other potential sources of authority in support of the request for sanctions.[2] The Court, however, does not find that the defense acted in bad faith, as it would be required to find to exercise its inherent authority to impose sanctions. *See Int'l Techs. Mktg., Inc.*, 991 F. 3d at 368; *Chambers*, 501 U.S. at 45.

Harris first argues that the defense should be sanctioned on the ground that they "have attempted to egregiously evade" *Cheeks* review. Pl. Mem. at 8; *see id.* at 4–10. However, as noted above, there is a live dispute whether *Cheeks* even applies to the Severance Agreement. Defendant asserts, and Harris does not dispute, that Defendant "offered" the Severance Agreement, with its

---

[2] Rule 11 of the Federal Rules of Civil Procedure gives a district court authority to sanction a party or attorney for making a submission "for any improper purpose," among other reasons. Fed. R. Civ. P. 11(b)–(c). While it is possible that Harris's counsel had Rule 11 in mind as the basis for the requested sanctions, he never cites Rule 11, and the Court could not impose Rule 11 sanctions based on a request Harris's opposition brief. A request for Rule 11 sanctions must be made in its own motion, and the movant must give the other party a "safe harbor" period to cure the purportedly sanctionable conduct. *See* Fed. R. Civ. P. 11. Harris's counsel makes no mention of following this procedure. Thus, to the extent that Harris tacitly seeks Rule 11 sanctions, that request is denied.

broad release of claims, to Harris before she filed the Complaint. Def. Mem. at 2, 4; *see* Pl. Mem. at 2, 21. The defense further represents that it "<u>never</u> contacted" her again "about signing the Severance Agreement after the present litigation commenced." Def. Reply at 2 (emphasis in original). Rather, the defense represents, Harris simply "voluntarily" signed. Def. Mem. at 2, 4–5. On these facts, which Harris does not dispute, let alone disprove, the Court cannot find that the defense acted in bath faith to engineer a post-litigation settlement of FLSA claims in violation of *Cheeks*. *See Int'l Techs. Mktg.*, *Inc.*, 991 F. 3d at 368; *Chambers*, 501 U.S. at 45.

  Harris further argues that the defense violated professional ethical rules by communicating with Harris after she was represented by counsel. *See* Pl. Mem. at 6, 12–18. In particular, Harris's counsel argues that both countersigning the Severance Agreement and paying Harris constitute prohibited communications. *See* Pl. Mem. at 12–14.

  Rule 4.2 of the New York Rules of Professional Conduct states, in pertinent part: "In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law." 22 NYCRR 1200.4.2(a). Moreover, "where [a] lawyer knows" that a person is represented by counsel in a matter at issue, the lawyer may not communicate with her, "even though the represented person initiates or consents to the communication." *S.E.C. v. Lines*, 669 F. Supp. 2d 460, 463 (S.D.N.Y. 2009) (internal quotation marks and citations omitted).

  Here, both sides seem to agree that none of the lawyers appearing on Defendant's behalf in this case, and thus "representing" Defendant "in th[is] matter," was involved in countersigning the Severance Agreement or paying Harris. 22 NYCRR 1200.4.2(a); *see* Def. Mem. at 2; Pl. Opp. at 12. As such, the defense attorneys appearing in this action cannot be sanctioned on the basis of

the alleged improper communications with Harris. It appears that Defendant's general counsel countersigned the Severance Agreement [ECF No. 17-2]. However, Plaintiff's counsel does not offer any information about the scope of the general counsel's representation of Defendant or the general counsel's knowledge that Harris was represented. *See* 22 NYCRR 1200.4.2(a). Defendant itself is a company, not "a lawyer." *Id.* In light of the usual timeline, in which Harris purportedly signed the Severance Agreement after her counsel had filed the Complaint, and the failure of Plaintiff's counsel to provide more information about the allegedly sanctionable conduct, the Court exercises its discretion to deny sanctions, even if Defendant's general counsel engaged in some wrongdoing by countersigning the Severance Agreement and making a severance payment to Harris. *See Yukos Cap. S.A.R.L.*, 977 F.3d at 235.

The parties and counsel are now on notice, however, that any future failure to comport with *Cheeks*, professional ethical obligations, the Federal Rules of Civil Procedure, the Local Rules, this Court's Individual Rules of Practice in Civil Cases, and court orders may result in sanctions, including: monetary sanctions; preclusion of claims, defenses, and evidence; and dismissal with prejudice or default judgment.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, Defendant's motion to dismiss is DENIED, and Plaintiff's cross-motion for sanctions is DENIED. The Clerk of Court respectfully is requested to terminate the motion at docket entry 16.

**SO ORDERED.**

Date:  **SEPTEMBER 19, 2024**  
       **New York, NY**

*/s/ Mary Kay Vyskocil*  
**MARY KAY VYSKOCIL**  
**United States District Judge**