```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mary Harris,

                Plaintiff,

-against-

F. Schumacher & Co., LLC,

                Defendant.

1:23-cv-05676 (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

    This case contains one or more claims arising under the Fair Labor Standards Act. A settlement was reached by the parties on February 4, 2025. (ECF No. 41.) The parties thereafter consented to have all proceedings held before me. (ECF No. 43.) On February 6, 2025, the Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorney's fees and costs, is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See* 2/6/25 Order, ECF No. 44.)

    On February 24, 2025, Plaintiff submitted the required letter along with the proposed settlement agreement and related papers. (2/24/25 Letter, ECF No. 46.) Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the nature and scope of Plaintiff's claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Moreover, the settlement does not implicate any other *Cheeks* concerns, such as overbroad releases or restrictive confidentiality provisions. *See Cheeks*, 796 F.3d at 206.

As part of the settlement, Plaintiff seeks approval of $477.00 in costs and $16,507.00 in attorney's fees, which is one-third of the settlement amount after costs, pursuant to a contingency fee agreement. (*See* 2/24/25 Letter at 3; *see also* Retainer Agreement, ECF No. 46-2.) "The fairness review required by *Cheeks* 'extends to the reasonableness of attorneys' fees and costs.'" *Almanzar v. Silver Star Properties Corp.*, No. 23-CV-00819 (GWG), 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)).

The Court finds that the requested attorney's fees are reasonable. "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *Garay v. Euro Metalsmith*, No. 23-CV-03451 (ARR) (JMW), 2023 WL 8435866, at *6 (E.D.N.Y. Dec. 5, 2023). Moreover, where there is no reason to question the reasonableness of the contingency agreement itself and the fees are "within the range of what FLSA practitioners demand in the marketplace[,]" courts have found attorney's fees reasonable when they are "consistent with the retainer agreement agreed to by [the] plaintiff." *See Almanzar,* 2023 WL 6979460, at *3; *see also Miller v. United Parcel Serv., Inc.*, No. 20-CV-05244 (JMW), 2023 WL 2214107, at *4 (E.D.N.Y. Feb. 24, 2023) ("Following *Fisher*, courts in this district have independently found an attorney fee representing one-third the settlement amount reasonable, where the attorney provided documentation of the signed retainer agreement between the attorney and plaintiff."). Here, the Court finds that the contingency fee agreement is reasonable and that the requested fees are consistent with the agreement. Accordingly, the Court approves the requested attorney's fees.

Finally, the Court finds the requested costs to be reasonable. Plaintiff's attorney seeks costs of $402 in filing fees and $75 in service of process costs (*see* Expense Records, ECF No. 46-4), "which are costs that are routinely recoverable in litigation[.]" *Puerto v. Happy Life Home*

*Health Agency Inc.*, No. 23-CV-04915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023) (internal quotation marks and citation omitted).

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:   New York, New York
February 25, 2025

_____
STEWART D. AARON
United States Magistrate Judge

3